UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT A. MARTINEZ,

      Plaintiff,        CIVIL ACTION NO. 04-CV-74515-DT

  vs.

                          DISTRICT JUDGE GEORGE CARAM STEEH

                          MAGISTRATE JUDGE DONALD A. SCHEER

DOUGLAS VASBINDER, and
SABINA WESTERN,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

                \*    \*    \*

      Plaintiff, Gilbert Martinez, a state prisoner currently incarcerated at the Deerfield Correctional Facility in Ionia, Michigan, filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on November 18, 2004, against the above named Defendants, alleging that they had been deliberately indifferent to his serious medical needs. Claiming violations of his Eighth Amendment rights under the federal constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

**EXHAUSTION OF REMEDIES**

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. *See* 42 U.S.C. § 1997e(a).[1]  "So long as the prison system has an administrative process that will review a prisoner's complaint . . . , the prisoner must exhaust his prison remedies," <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999), "irrespective of the forms of relief sought and offered through administrative avenues." <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6 (2001).

The exhaustion requirement is mandatory, and it applies to all prisoners seeking redress for general circumstances or particular occurrences, whether under § 1983 or any other federal law, after April 26, 1996. <u>Porter v. Nussle</u>, 534 U.S. 516, __, 122 S. Ct. 983, 988, 992 (2002); <u>Lavista v. Beeler</u>, 195 F.3d 254, 256 (6th Cir. 1999).  The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." <u>Booth</u>, 531 U.S. at 741 n.6.

To comply with the exhaustion requirement, a prisoner must file a grievance against the person or persons he ultimately seeks to sue. <u>Curry v. Scott</u>, 249 F.3d 493, 505 (6th Cir. 2001). Merely grieving prison conditions, without identifying any particular person who may be responsible for those conditions, is insufficient.  <u>Gibbs v. Bolden</u>, 151 F. Supp. 2d 854, 857 (E.D.

---

[1] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Mich. 2001). When filing a civil rights complaint, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040 (2000).

Plaintiff in the instant case averred exhaustion through the MDOC grievance process. Documentation attached to the Complaint, however, showed that Plaintiff did not file a grievance against either named Defendant. In an April 6, 2005, reply brief to Defendants' Motion to Dismiss, Plaintiff acknowledged that he failed to name either Defendant, but claimed that he recently filed another prison grievance specifically naming the two Defendants. (Reply Brief at p. 1). The burden of proving exhaustion rests squarely on Plaintiff. Knuckles-El, 215 F.3d. at 642. Here, Plaintiff merely grieved that he was being denied medical treatment for cardiovascular problems, without identifying any particular person who was responsible for his allegedly improper care. Plaintiff has failed to show that he exhausted his administrative remedies with respect to each named Defendant.

Moreover, the Sixth Circuit in Baxter v. Rose, 305 F.3d 486, 490 (6th Cir. 2002), has held that such supplementation or amendment is not permitted. The Baxter court stated that a prisoner is not entitled to amend his complaint to cure any pleading defects

regarding exhaustion.  Rather, the complaint must be dismissed. In so holding, the court explained:

> A plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. [citations omitted]. Our rule in McGore requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in the initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.
>
> Id. at 489-490.

The PLRA clearly makes exhaustion a pleading requirement which cannot be cured later in the litigation. Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so.  As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998); White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten

(10) days after they are served with a copy, or further appeal from Judge Steeh's acceptance thereof is waived.

                                                <u>s/Donald A. Scheer</u>
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: 4/13/05

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

**GILBERT A. MARTINEZ,**

      Plaintiff,       CIVIL ACTION NO. 04-CV-74515-DT

  vs.

                        DISTRICT JUDGE GEORGE CARAM STEEH

                        MAGISTRATE JUDGE DONALD A. SCHEER

**DOUGLAS VASBINDER, and**
**SABINA WESTERN,**

      Defendants.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in <u>pro per</u> in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 13th day of April, 2005.

      Gilbert Martinez
      #381951
      Deerfield Correctional Facility
      1755 Harwood Road
      Ionia, MI 48846

      Julia Bell
      Assistant Attorney General
      Corrections Division
      P.O. Box 30217
      Lansing, MI 48909

                                <u>s/Terri L. Hackman</u>
                                Terri L. Hackman, Secretary to
                                Magistrate Judge Donald A. Scheer